IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PHILLIP MCCAIN | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv636 |
| MARLENE MCNEESE, ET AL | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Phillip McCain, an inmate confined in the Larry Gist State Jail, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Marlene McNeese and Victoria Williams.

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff's complaint concerns events which occurred in Harris County, Texas. In addition, plaintiff states the defendants reside in Harris County. Pursuant to 28 U.S.C. § 124, Harris County is located in the Houston Division of the United States District Court for the Southern District of Texas.

As Harris County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, this case should be transferred to the Houston Division of the United States District Court for the Southern District of Texas. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this __15__ day of __September__, 2005.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE